UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN FULLARD, on behalf of himself and all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> HALSTED FINANCIAL SERVICES, LLC, <br><br> Defendant. | Case No.: 1:18-cv-933 <br><br><br> COMPLAINT <br> CLASS ACTION |

Plaintiff, Brian Fullard (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Halsted Financial Services, LLC (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation with its corporate address as 8001 N. Lincoln Ave., Suite 500, Skokie, Illinois 60077, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C.

§1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred a debt from the use of a credit card to purchase goods used for personal, family, and household purposes.

7. On a date better known by Defendant, Defendant began attempting to collect on said debt allegedly owed by the Plaintiff.

8. On or about April 13, 2017, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the balance due as $498.95, for a personal debt originating with HSBC Bank Nevada N.A./Capital One Bank USA N.A.

9. In the Collection Letter, Defendant states, "Based on this account's stage of delinquency, we encourage you to call us if your intentions are to pay this debt."

10. The Collection Letter also states, "The law limits how long you can be sued on a debt. Because of the age of your debt, Halsted Financial Services, LLC **will not** sue you for it." (Emphasis added).

11. The Collection Letter additionally offers a "50% Discount Offer" of $249.48.

12. The Collection Letter is misleading, confusing, deceptive, and unfair as it misrepresents the nature, character, and/or legal status of the alleged debt. The Letter did not indicate or inform Plaintiff that the statute of limitations had run on his debt, the resultant legal status of the debt, or that the Defendant in fact cannot sue Plaintiff.

13. Stating that the Defendant **will not** sue implies that Defendant has the legal ability to bring suit.

14.     Another issue with the letter is that if fails to notify Plaintiff that making a payment of any amount will restart the statute of limitations. *See Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

15.     The Seventh Circuit has held, in accordance with the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

16.     The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

17.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

18.     Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received collection letters similar to Exhibit A from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

19.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

20. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort

and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

35. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

37. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**

> **(A) the character, amount, or legal status of any debt;**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

38. By engaging in a violation of the FDCPA in order to collect a debt from Plaintiff, Defendant has violated 15 U.S.C. § 1692f.

39. Section 1692f provides:

> **§ 1692f. Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, Plaintiff, Brian Fullard, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

    D. Award costs and reasonable attorneys' fees;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

Dated this 5th of February 2018.

                                       Respectfully Submitted,

                                       /s/ Daniel Zemel_____

Daniel Zemel, Esq.
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
Tel: (862) 227-3106
nl@zemellawllc.com